cc: order, docket, remand letter
to Los Angeles Superior Court, Northwest District,
Van Nuys No. LC 095254

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANSOUR SOUBBY MANSOUR, an individual; NAGAT MANSOUR, an inidividual,<br><br>             Plaintiffs,<br><br>     v.<br><br>JPMORGAN CHASE BANK; CALIFORNIA RECONVEYANCE COMPANY; CALIFORNIA CRP PROPERTIES, INC.; CHUCK AZZUZ; NORMA AZZUZ; NORIO, LLC; RICHARD L. SWEENEY; FEDERAL DEPOSIT INSURANCE COMPANY as Doe Defendant 1,<br><br>             Defendants. | Case No. CV 12-07506 DDP (CWx)<br><br>**ORDER TO DISMISS DEFENDANT FEDERAL DEPOSIT INSURANCE COMPANY AND TO REMAND**<br><br>[Dkt. No. 6 ] |

Presently before the court is a Motion to Dismiss Claims for Lack of Subject Matter Jurisdiction filed by Defendant Federal Deposit Insurance Corporation as Receiver of Washington Mutual Bank ("FDIC"). Having reviewed the moving papers, the court GRANTS the motion and REMANDS the action to state court.

///

///

## I. Background

Plaintiffs Mansour Soubby Mansour and Nagat Mansour ("Plaintiffs") filed this action in the Superior Court of California seeking, among other things, to set aside real property foreclosures on two apartment buildings and to recover purported damages related to those foreclosures. The Complaint filed on October 24, 2011, names as defendants JP Morgan Chase Bank, California Reconveyance Company, California CRP Properties, Chuck Azzuz, Norma Azzuz, Noria LLC, Richard L. Sweeney, and Does 1 through 100. (Notice of Removal, Exh. B.) Washington Mutual Bank ("WaMu") was the original beneficiary on the foreclosed-upon deeds of trust, but when it failed in 2008, its assets were transferred to Defendant JP Morgan Chase Bank. (First Amended Complaint ¶¶ 612, 67.) Defendant FDIC was appointed Receiver for Washington Mutual Bank ("Wamu"). (Notice of Removal, Exh. A.) The First Amended Complaint, filed on June 7, 2012, substituted the "Federal Deposit Insurance Corporation" for "Doe #1." (Notice of Removal, Exh. C.)

On August 31, 2012, Defendant FDIC timely removed the action to federal court under 12 U.S.C. § 1819(b)(2) (the FDIC may remove any action to the United States District Court "before the end of the 90-day period beginning on the date the action" is filed against it). On September 7, 2012, Defendant FDIC filed this Motion to Dismiss for Lack of Subject Matter Jurisdiction on the grounds that the Plaintiffs-claimants had failed to complete the claims process prior to seeking judicial review, as required by the administrative claims procedures set forth in 12 U.S.C. §§ 1821(d)(3) through (13). See also <u>Henderson v. Bank of New</u>

England, 986 F.2d 319, 321 (9th Cir. 1993) ("[a] claimant must therefore first complete the claims process before seeking judicial review."). Plaintiffs did not file an opposition to the Motion.

**II. Legal Standard**

Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. Additionally, Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."

**III. Discussion**

The hearing on Defendant's Motion was set for October 29, 2012. Plaintiffs' opposition was therefore due by October 9, 2012. As of the date of this Order, Plaintiffs have not filed an opposition, or any other filing that could be construed as a request for a continuance. Accordingly, the court deems Plaintiffs' failure to oppose as consent to granting the Motion to Dismiss, and GRANTS the Motion. The case against Defendant Federal Deposit Insurance Corporation is DISMISSED for lack of subject matter jurisdiction.

The court finds further that without Defendant FDIC, it has no jurisdiction over the action. District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. The removal statute is strictly construed against removal jurisdiction, and federal jurisdiction must be rejected if any doubt exists as to the propriety of removal. Gaus v. Miles, Inc.,

980 F.2d 564, 566 (9th Cir. 1992). Here, no federal question appears from the face of the Complaint.

This court also has original diversity jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a). "The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff must be diverse from each defendant." Lee v. American Nat. Ins. Co., 260 F.3d 997, 1004 (9th Cir. 2001). Here, Plaintiffs are residents of California and Defendants CRP Properties, Inc., and California Reconveyance Company are California corporations and citizens of California. (Notice of Removal, Exh. E, ¶¶ 4, 8, 10). Therefore the court finds it has no jurisdiction and hereby REMANDS the matter to state court.

**IV. Conclusion**

The court GRANTS Defendant FDIC's Motion to Dismiss for Lack of Subject Matter Jurisdiction and REMANDS the action to state court for further proceedings.

IT IS SO ORDERED.

Dated: October 25, 2012

DEAN D. PREGERSON
United States District Judge